FRANCIS A. BIGGS *et al.*, Appellants, *v.* JOHN P. D. ANGUS, Respondent.

*N. Y. Supreme Court, Second Department, General Term, May* 13, 1889.

*Bankruptcy.—Discharge.*—A discharge in bankruptcy extinguishes a claim for rent due from the bankrupt, so far as it had accrued up to the filing of the petition in bankruptcy. The omission to state such claim in the schedule does not, in the absence of actual fraud, affect the question.

This action was brought to compel the defendant to convey certain premises to the plaintiff, Mary E. Biggs, and account for the rents and profits thereof. The plaintiff, Francis A. Biggs, in 1869, conveyed the property to his mother, the wife of defendant, in order to have the same conveyed to his wife. In 1875, his mother conveyed it to a

third party, who conveyed it to defendant. The plaintiffs, for eleven years, have resided, without paying rent, in a house belonging to defendant. In 1878, the plaintiff, Francis A. Biggs, was discharged in bankruptcy, and defendant was named in the schedule as a creditor, but not for the rent. The defendant claims in this action credit for the rental value of the house occupied by plaintiffs before and up to his discharge in bankruptcy. The referee credited the defendant with the rent which had accrued during all the time of said occupancy, and judgment in his favor was entered for $12,102.65, and from this judgment plaintiffs appeal.

*Horace Graves*, for appellants.

*Johnson · & Lamb (A. E. Lamb*, of counsel), for respondent.

PRATT, J.—Defendant's claim for rent of the house on Franklin avenue, was against Francis A. Biggs, not against his wife. It was, therefore, extinguished by the discharge in bankruptcy, so far as it had accrued up to the filing of the petition in bankruptcy. The fact that no indebtedness to Angus, for rent, was stated in the schedule, does not affect the question. Even had Angus not been named as a creditor, in the absence of proof of actual fraud, his claims would be discharged. As he was a party to the proceeding no question of fraud can be suggested.

It follows that the referee was in error in allowing defendant credit for rent of the Franklin avenue house, prior to February 1, 1878.

The judgment appealed from must be modified, accordingly, with costs of appeal to plaintiff. If the amount to be deducted cannot otherwise be determined, it may be referred back to the referee to fix the amount of deduction.

All concur.